UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-1093 CEJ |
| | ) |
| DAVID SCHMITT,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kevin McGee for leave to commence this action without payment of the required filing fee, *see* 28 U.S.C. § 1915(a), and application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## The Petition

Petitioner, who is confined at the Southeast Missouri Mental Health Center in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that in 1988 he was convicted of third-degree misdemeanor assault and flourishing a deadly weapon after pleading not guilty by reason of insanity in the Circuit Court of Cape Girardeau County, Missouri. He states that he was sentenced on June 8, 1988 and that he did not appeal the judgment. As grounds for relief,

---

[1] Petitioner has named the State of Missouri as respondent. When a habeas petitioner is in custody due to the state action he is attacking, the proper respondent is the state officer having custody of the petitioner. *See* Rule 2 of the Rules Governing § 2254 Cases. In this case, the proper respondent is David Schmitt,, the Chief Operating Officer of the Southeast Missouri Mental Health Center where petitioner is confined.

petitioner claims that his attorney coerced him into entering the plea by falsely representing that petitioner would only spend six months in a state hospital.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time barred under 28 U.S.C. § 2244(d)(1), and is subject to summary dismissal.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year period of limitation for habeas corpus petitions that begins to run, as relevant here, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C § 2241(d)(1)(A). Petitioner was sentenced on June 8, 1988 and did not appeal the judgment. Therefore, under § 2244(d)(1)(A) the one-year limitation period began to run—at the latest— thirty days from June 8, 1988. Cf. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). Because the judgment petitioner wishes to attack became final before the enactment of the AEDPA on April 24, 1996, he is entitled to a one year grace period which ended on April 24, 1997. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). The instant petition was filed more than nineteen years after expiration of the grace period. Therefore, it is untimely.

To the extent that petitioner is seeking conditional or unconditional release, his habeas petition is subject to dismissal for failure to exhaust available state remedies.

Under Missouri Revised Statutes § 552.040, a committed person can only petition under § 2554 for either conditional or unconditional release. Petitioner states that he has sought both remedies at one time. However, he has not indicated which

remedy was most recently sought and denied. Therefore, in an abundance of caution, the Court will address both avenues for relief in Missouri.

Conditional release is for a limited duration and is qualified by reasonable conditions. *See* § 552.040.10(3). To obtain conditional release a petitioner must prove, by clear and convincing evidence, that he "is not likely to be dangerous to others while on conditional release." § 552.040.12(6). A conditional release implies that despite a mental disease or disorder, the committed person is eligible for limited freedom from a mental health facility, subject to certain conditions. *Greeno v. State*, 59 S.W.3d 500, 504 (Mo. banc 2001).

Unconditional release, by contrast, can be granted only if the petitioner shows "by clear and convincing evidence that he does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." § 552.040.7. Thus, Missouri places the burden on the insanity acquittee to prove that he qualifies for conditional or unconditional release by clear and convincing evidence.[2] *Grass v. Reitz*, 643 F.3d 579, 581 (8th Cir.2011); Mo.Rev.Stat. §§ 552.040.7(6) & 552.040.12(6); *State v. Rottinghaus,* 310 S.W.3d 319, 324 (Mo.Ct.App.2010).

---

[2]   When a Missouri court accepts a plea of not guilty by reason of mental disease or defect, the defendant is deemed acquitted of the charges on the ground of mental disease or defect excluding responsibility. *Taylor v. State*, 262 S.W.3d 231, 238 (Mo. banc 2008) ("If defendant succeeds on his affirmative defense, he is absolved of criminal responsibility."). Thus, a defendant's success in arguing that he or she is not guilty by reason of mental disease or defect effectively acquits the defendant of the charged crime. Those individuals are commonly referred to as "insanity acquittees." *See Grass*, 643 F.3d at 581; State v. Revels, 13 S.W.3d 293, 294 (Mo. banc 2000).

Clear and convincing evidence is "evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition so that the court is left with the abiding conviction that the evidence is true." *Greeno*, 59 S.W.3d at 505 (internal citations omitted). When an individual is acquitted by reason of mental disease or defect for a dangerous felony, in order to grant conditional or unconditional release, the court also must find that the individual "is not now and is not likely in the reasonable future to commit another violent crime" and "is aware of the nature of the violent crime committed ... and presently possesses the capacity to appreciate the criminality of the violent crime ... and ... to conform [his or her] conduct to the requirements of law in the future." Mo.Rev.Stat. § 552.040.20. The denial of a petition for either conditional or unconditional release is "without prejudice to the filing of another application after the expiration of one year." § 552.040.13, 8.

Title 28 U.S.C. § 2254(b)(1)(A) prohibits habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied "by

invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir.2009). "To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).[3]

This Court has reviewed the docket on Missouri Case.Net and it does not appear that petitioner has applied to any state court for release under § 552.040. Petitioner has not exhausted available state remedies and is therefore not entitled to habeas relief. The petition will be dismissed, and the Court will not issue a certificate of appealability.

Accordingly,

---

[3] *Kolocotronis* goes on to hold that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court," *id.*, based on *Jones v. Ritterbusch*, 548 F.Supp. 89, 90 (W.D.Mo.1982). In 2001, after both *Kolocotronis* and *Jones* were decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." *See Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir.2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. *See id.*

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Kevin D. McGee v. David Schmitt*.


Dated this 30th day of November, 2016.

                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE